# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CANDICE P. WARREN, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-01199 |
| | ) |
| v. | ) |
| | ) |
| MILLENNIUM HOTELS & RESORTS | ) |
| D/B/A MILLENNIUM KNICKERBOCKER | ) Jury Trial Demanded |
| CHICAGO, | ) |
| | ) |
| Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, Candice P. Warren ("Plaintiff"), by and through the undersigned counsel, filing this Complaint against Millennium Hotels & Resorts d/b/a Millennium Knickerbocker Chicago ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendants race discrimination and retaliation under Title VII and FMLA interference.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff resided in Cook County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant was a corporation doing business in and for Cook County, Illinois, whose address is 163 E. Walton Place, Chicago, IL 60611.

12. At all times relevant, Plaintiff was employed and worked at Defendant's location at 163 E. Walton Place, Chicago, IL 60611.

## BACKGROUND FACTS

13. Plaintiff began working for Defendant as a Front Office Manager in or around

April 2021. Plaintiff previously was employed by Defendant from 2017-2019, before temporarily leaving for a different position.

14. Since at least June of 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

15. Plaintiff suffered multiple adverse employment actions.

16. In or around June 2021, Plaintiff (African-American) began receiving several derogatory comments from the Director of Engineering (Caucasian).

17. To Plaintiff's dismay, other African-American employees began to be subjected to the same derogatory treatment, while non-African-American employees were not subjected to derogatory and offensive conduct, regardless of their work performance.

18. In June 2021, Plaintiff first applied for FMLA leave to help settle a foster child and was denied.

19. In August, Plaintiff again applied for FMLA when one of her children fell ill. Plaintiff was again denied.

20. When Plaintiff inquired as to the denial, Plaintiff was given a third-party contact that handled FMLA approvals. This contact informed Plaintiff she was eligible since June.

21. Subsequently, Plaintiff again applied for FMLA leave, which was begrudgingly approved. This treatment was disparate from the treatment non-African-American employees received when applying for FMLA leave. Plaintiff was harassed about her approved FMLA leave.

22. Around September 2021, Plaintiff hired three employees to fill Front Desk positions. Two of these employees were African-American Women ("Chiquita" and "Destiny") and one was a Caucasian Man ("William").

23. Almost immediately, Chiquita and Destiny were subjected to different standards

and treatment than William.

24. Plaintiff was further subjected to racially charged claims from her supervisor, comments including stating she was making William the "slave" and that the supervisor needed to "represent the Caucasian men."

25. Tired of the disparate treatment, Plaintiff reported the racial discrimination to HR in December 2021.

26. Despite this, Plaintiff and her African-American colleagues are still being subjected to a hostile, racist work environment.

27. Finally, Plaintiff has overheard a manager stating he was hoping to "catch her with a key" so he would have the ability to fire her.

## COUNT I
### Race-Based Discrimination in Violation of 42 U.S.C. § 1981

28. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

30. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

31. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

32. Defendant's unlawful conduct resulted in considerable harm and adverse

employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.
### Race-Based Discrimination

33. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

34. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

35. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

36. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

37. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.
### Race-Based Harassment

38. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race (African-American), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40. Defendant knew or should have known of the harassment.

41. The race harassment was severe or pervasive.

42. The race harassment was offensive subjectively and objectively.

43. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race (African-American).

44. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of 42 U.S.C. § 2000e, *et seq.*
### Retaliation

45. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

46. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

47. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race discrimination.

49. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

50. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race -based discrimination, thereby violating Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §2000e, *et seq*.

51. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

52. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## COUNT V
### Interference With FMLA Rights

53. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

54. In June 2021 Plaintiff was eligible for FMLA leave.

55. At all times material, Plaintiff gave proper notice to her employer.

56. Defendant controlled Plaintiff's work schedule and conditions of employment.

57. Plaintiff provided enough information for her employer to know that his potential leave may be covered by the FMLA.

58. Despite this, Plaintiff's employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave.

59. When Plaintiff's employer failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her leave was or could be designated as FMLA leave, the Defendant interfered with Plaintiff's rights under the FMLA.

60. As a result, Plaintiff has been damaged.

## COUNT VI:
### FMLA Retaliation

61. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

62. Defendant harassed Plaintiff following her approval for FMLA leave.

63. Defendant harassed Plaintiff because she requested/took FMLA leave as described above.

64. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave.

65. Plaintiff's request for leave pursuant to the FMLA was a direct and proximate cause of her harassment.

66. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has been damaged.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of February, 2023.

                                              **/s/ *Alexander J. Taylor***
                                              **Alexander J. Taylor, Esq.**
                                              **SULAIMAN LAW GROUP LTD.**
                                              2500 S. Highland Avenue, Suite 200
                                              Lombard, Illinois 60148
                                              Phone (630) 272-1942
                                              Fax (630) 575 - 8188
                                              ataylor@sulaimanlaw.com
                                              *Attorney for Plaintiff*