## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CANDICE P. WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-01199 |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| MILLENNIUM HOTELS & RESORTS | ) | |
| D/B/A MILLENNIUM | ) | Magistrate Judge Jeffrey Cole |
| KNICKERBOCKER CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT
## OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Millennium Hotels & Resorts D/B/A Millennium Knickerbocker Chicago ("Millennium" or "the Company"), by its undersigned counsel, submits this Memorandum in Support of its Motion to Dismiss Candice P. Warren's ("Plaintiff") complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6). Millennium respectfully requests Plaintiff's Complaint be dismissed with prejudice in its entirety.

## INTRODUCTION

Plaintiff fails to plead a legally cognizable claim. She has worked as Front Office Manager for Defendant Millennium Hotels since 2021. As stated in her Complaint, she has never been discharged, terminated, or docked pay while she has worked for Millennium. *See*, *generally*, Pl.'s Compl., ECF No. 1, ¶¶13-27. She has never heard racially offensive comments while working for Defendant. *Id*. Rather, she has only heard a few isolated non-racial comments directed toward other employees. *See Id*., ¶24, Ex. A. Though there was some initial uncertainty about her FMLA eligibility (due to her break in service), she sought and was approved for FMLA. She has taken leave with Millennium without any negative consequence. *See*, *generally*, *Id*. ¶¶18-22, 53-66, Ex.

1

A.  Despite these facts, Plaintiff alleges six causes of action: (Count I) discrimination under Section 1981 (race), (Count II) discrimination under Title VII (race), (Count III) Hostile Work Environment (race), (Count IV) Title VII retaliation, (Count V) FMLA interference, and (Count VI) FMLA retaliation.  *See Id*. ¶¶ 28-66.

Plaintiff has not alleged any factual allegations to support these six claims beyond stating legal conclusions.   First, her discrimination and retaliation claims (Counts I, II, IV, and VI) fail because, as the Complaint acknowledges, she is still employed with the Company and has not experienced any material change in the terms and conditions of her employment.  Second, her hostile work environment claim (Count III) fails because the conversations Plaintiff allegedly overheard or observed are not sufficiently severe or pervasive, or connected to her race to maintain a second-hand harassment claim.  Lastly, her FMLA interference (Count V) claim fails because although her requests for time off were initially denied, she suffered no prejudice.  She submitted her request for FMLA leave to the Company's third-party vendor, and it was granted immediately.  Accordingly, Plaintiff's complaint should be dismissed in its entirety with prejudice because she has not pled a claim to which she is entitled to relief and further amendment cannot correct the deficiencies.

## LEGAL STANDARD

To meet the requirements of Rule 8(a) and survive a Rule 12(b)(6) motion, a complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 699-700 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Courts must disregard legal conclusions and determine whether the "well-pleaded factual allegations … plausibly give rise to an

entitlement of relief." *Id.* at 679. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

## ARGUMENT

I.      **Plaintiff's Title VII Race-Discrimination Claim Raised in Count II Fails Because She Did Not Suffer an Adverse Employment Action.**

Plaintiff has failed to plead a disparate treatment, race discrimination claim and thus, should be dismissed. To survive dismissal, Plaintiff must allege facts showing that the employer instituted a specified adverse employment action against her on the basis of race. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013). To rise to the level of an adverse action, a reasonable employee would have to find the change in working conditions to be materially adverse, which means "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Wilson v. Bd. of Trs.*, No. 20 C 4604, 2021 WL 1676601, 2021 U.S. Dist. LEXIS 81366, at *6 (N.D. Ill. Apr. 28, 2021) (quoting *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017)). The Seventh Circuit recognizes that adverse actions generally fall into one of three categories: (1) termination or reduction in compensation, (2) transfers or changes in job duties that reduce the employee's career prospects, or (3) an unbearable change in job conditions amounting to constructive discharge. *Reives v. Illinois State Police*, 29 F.4th 887, 894 (7th Cir. 2022). Plaintiff's claim fails because she cannot allege that she suffered conduct remotely close to any of these categories.

The Complaint does not contain any specific facts demonstrating that the terms and conditions of Plaintiff's employment have materially changed, because they have not. The Complaint acknowledges that Plaintiff has worked as a Front Desk Manager since Millennium promoted her to that role in 2021. *See* Pl.'s Comp., ¶13. There are no allegations that her compensation has been reduced, her job duties have changed, or that her career prospects have been limited. *See*, *generally*, *Id*. ¶¶13-66. The Complaint merely concludes that "Plaintiff suffered

3

severe harm," *Id*. ¶37, but this statement is nothing more than an unsupported conclusion falling far short of satisfying her pleading obligations. *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) ("conclusory allegations merely reciting the elements of the claim are not entitled to [the] presumption of truth.").

Plaintiff alleges her FMLA leave was mistakenly denied in June and July 2021, but these denials cannot be the basis for a Title VII race discrimination claim. *Strong v. Quest Diagnostics Clinical Labs., Inc.*, No. 19-CV-4519, 2021 WL 354000, 2021 U.S. Dist. LEXIS 19564, at \*16-17 ("Title VII is not the appropriate mechanism through which to bring claims based on disability discrimination, FMLA leave, or workers' compensation.").

Plaintiff's unfounded assumption that there were forces in the hotel attempting to terminate her employment falls far short of demonstrating an adverse employment action. Exhibit A to the Complaint speculates there was a conspiracy to fire Plaintiff: Mike was "actively trying to get [her] terminated," she received "threats of termination," and she overheard a manager stating he was hoping to catch her with a key so he could fire her. However, Plaintiff's complaint contains no allegation that she was threatened with termination, let alone that she was terminated. The Seventh Circuit has long held that unfulfilled threats of termination are insufficient to maintain a discrimination claim. *See Hottenroth v. Slinger*, 388 F.3d 1015, 1029 (7th Cir. 2004) ("it is well established that unfulfilled threats that result in no material harm cannot be considered an adverse employment action under Title VII."); *Smith v. City of Chicago*, No. 98 C 4681, 2001 WL 290414, 2001 U.S. Dist. LEXIS 3521 (N.D. Ill. Mar. 15, 2001) (granting summary judgment on disparate treatment claim because harassment, excessive criticism, and threats of termination did not amount to an adverse employment action).

II.     **Plaintiff's Section 1981 Claim Fails Raised in Count I Because She Did Not Suffer an Adverse Employment Action.**

The Seventh Circuit analyzes Section 1981 claims under the same standard of liability as Title VII claims. *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 544 (7th Cir. 2011) ("We analyze Section 1981 discrimination claims in the same manner as claims brough pursuant to Title VII of the Civil Rights Act."). Accordingly, Plaintiff's Section 1981 claim fails because she did not suffer a materially adverse action, as discussed *supra*.

III.    **Plaintiff's Race-Harassment Claim Fails Because She Was Not Subjected to Severe or Pervasive Conduct.**

Plaintiff's allegations of harassment are insufficient to state a hostile work environment claim. To survive dismissal, Plaintiff must allege that (1) she was subject to unwelcome harassment, (2) the harassment was based on her race, (3) the harassment was sufficiently severe or pervasive as to alter the conditions of her employment and create a hostile or abusive atmosphere, and (4) there is a basis for employer liability. *Bellino v. Peters*, 530 F.3d 543, 551 (7th Cir. 2008). To plead sufficiently severe or pervasive conduct, the factual allegations must show the work environment was both subjectively and objectively offensive. *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, 2011 U.S. Dist. LEXIS 82341, at *13 (N.D. Ill. Jul. 26, 2011) (dismissing harassment claim with prejudice for failure to state a claim). The allegedly harassing conduct enumerated in the Complaint does not amount to an actionable claim for at least two reasons: it was not sufficiently severe or pervasive, and it was not based on Plaintiff's race.

The Complaint only cites six specific examples of alleged harassment: Mike's yelling at a coworker, Mike's inappropriate joke to William, Mike's accusing Plaintiff of lying on one occasion, Arana's conversations with William about his onboarding process, Plaintiff's overhearing an unnamed manager state he hopes to catch her with a key, and the December 13,

2021 meeting between Plaintiff and HR where the Caucasian men stated they "only felt comfortable going to a Caucasian man about their issues." Pl.'s Compl., ¶24, 27, Ex. A.[1] These allegations do not set forth a claim of actionable harassment.

As an initial matter, four of the six examples do not concern conduct directed toward Plaintiff. Instances of second-hand harassment must be more offensive or abusive than a typical claim, because these claims "are less objectionable than harassment directed at the plaintiff." *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005); *see also*, *Ngeunjuntr v. Metropolitan Life Insurance Co.*, 146 F.3d 464, 467 (7th Cir. 1998) (finding the "alleged comments were offensive but they were also isolated and, in some circumstances, not directed at Ngeunjuntr"); *Franchini v. UChicago Argonne, LLC*, No. 12 C 279, 2013 WL 4779184, 2013 U.S. Dist. LEXIS 126640, at *25 (N.D. Ill. Sep. 5, 2013) (finding that the conduct was not severe or pervasive because "Plaintiff was never directly called a wetback or spic"); *Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, 2011 U.S. Dist. LEXIS 82341, at *12-16 (N.D. Ill. July 26, 2011) (dismissing harassment claim because alleged discriminatory policy only had second-hand effect on the plaintiff).

Mike yelled at the front desk attendant during the system outage and later apologized. He did not yell at Plaintiff, insult her, or criticize her. Mike also joked to William that he should not be a "slave" and that he needs to "represent the Caucasian men." Pl.'s Compl. at Ex. A. Although this comment may not be appropriate, it was an isolated, offhand remark not directed towards

---

[1] Exhibit A to the Complaint also notes that one of Plaintiff's subordinates overheard the engineering staff make "racist comments" and reported those comments to Plaintiff in an email around December 11, 2021. It does not appear Plaintiff was present to witness these "racist comments," nor are there any allegations explaining what these comments were. Plaintiff heard them from her subordinate who overheard them from an engineering staff member. Second-hand harassment is less objectionable than conduct directed at a plaintiff, but Plaintiff bases her claim on third-hand harassment.

Plaintiff.    Even if Mike's conduct were directed at Plaintiff, it still would not amount to an

objectively abusive environment.  *See Naughton v. Sears, Roebuck & Co.*, No. 02 C 4761, 2003

WL 360085, 2003 U.S. Dist. LEXIS 2331, at \*20 (N.D. Ill. Feb. 13, 2003) (dismissing complaint

because "supervisor's frequent comments to a subordinate such as … 'get your head out of your

ass,' 'dumb motherfucker,' and 'when the fuck are you going to get the product' did not create an

actionable hostile work environment."); *Newell v. Micro Ctr. Sales Group*, No. 02 C 2104, 2003

WL 1860272, 2003 U.S. Dist. LEXIS 5931, at \*6 (N.D. Ill. Apr. 8, 2003) (holding that supervisor's

calling Plaintiff his "slave" "represent[s] a high degree of boorishness … but a single occasion of

racism hardly makes for an objectively hostile environment.").    Arana, a human resources

representative, purportedly called William on two occasions, but her calls were routine HR

functions.  There is no indication they were harassing much less that they altered Plaintiff's

conditions of employment.  Plaintiff overheard a manager state he was hoping to catch her with a

key so that he could fire her.  The comment was not directed at Plaintiff, and the manager's

statement does not amount to a threat of termination—but was simply an expression a personal

workplace dispute.  *See Little v. JB Pritzker for Governor*, No. 18 C 6954, 2021 WL 3666429,

2021 U.S. Dist. LEXIS 155795, at \*42 (N.D. Ill. Aug. 18, 2021) ("Workplace strife with a co-

worker by itself cannot constitute a hostile work environment.").

The only two alleged incidents she directly experienced—Mike's accusing Plaintiff of

lying and the December 13 meeting— also far short what could ever be considered racial

harassment.  Rather, these alleged incidents only represent Plaintiff's personal disagreements with

her coworkers and  are not plausible grounds for relief.  Plaintiff claims that Mike once accused

her of lying, but Title VII does not provide "liability based on the sporadic use of abusive

language." *Ford v. Minteq Shapes & Servs., Inc.*, 587 F.3d 845, 848 (7th Cir. 2009) (finding that

7

referring to plaintiff as "black man," joking about affirmative action, and calling him a "gorilla" were not sufficiently severe or pervasive). Exhibit A also alleges that during the December 13 meeting, unknown Caucasian men stated that they felt comfortable sharing their employment concerns with a Caucasian man. Although Plaintiff characterizes the discussion as race related, "workplace strife with a co-worker by itself cannot constitute a hostile work environment." *Little*, 2021 U.S. Dist. LEXIS 155795 at *42. Accordingly, dismissal with prejudice is warranted, because the specific conduct Plaintiff experienced cannot plausibly state a claim for which she is entitled to relief.

Outside of the specific incidents outlined above, the Complaint relies only on conclusory statements that cannot save the claim. Plaintiff alleges she received "demeaning comments" and "derogatory treatment" but does not describe the comments or the treatment, explain whether they were related to her race, and does not name the employees who made them. Plaintiff, instead, simply recites that "[t]he race harassment was severe or pervasive," Pl.'s Comp., ¶ 41, but this conclusion is not entitled to the presumption of truth. *See Taha*, 947 F.3d at 469 (the Court "may reject sheer speculation, bald assertions, and unsupported conclusory statements").

Second, Plaintiff has failed to plead a connection between the 'harassment' and her race. The "alleged harassment must be sufficiently connected to race before it may reasonably be construed as being motivated by the defendant's hostility to the plaintiff's race." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 863-64 (7th Cir. 2005). Although the connection does not have to be explicit, "there must be *some* connection, for 'not every perceived unfairness to her [race] may be ascribed to discriminatory motivation merely because the complaining employee belongs to a racial minority.'" *Zayas v. Rockform Mem. Hosp.*, 740 F.3d 1154, 1159 (7th Cir. 2014) (emphasis in original). Almost none of the perceived harassment described in the Complaint

8

relates in any way to Plaintiff's race. Mike yelled at the woman working the front desk because

the cameras showed she was not performing her job to his satisfaction; Arana called William, who

was a new hire, to inquire about his onboarding process; the unnamed manager never mentioned

Plaintiff's race as a motivation for his desire that she violate Company policy; and Mike accused

Plaintiff of lying, but there is no indication it was based on her race. Mike's inappropriate joke

did mention the term "slave" and "Caucasian men," but it was not directed towards Plaintiff. *See*

*Zayas*, 740 F.3d at 1159 ("'not every perceived unfairness to her [race] may be ascribed to

discriminatory motivation'"). None of these comments have any connection to Plaintiff's race.

### IV. Plaintiff's Title VII Retaliation Claim Fails Because She Did Not Suffer an Adverse Employment Action.

Plaintiff fails to plead an actionable retaliation claim. To allege a viable claim under Title

VII, Plaintiff must show that she engaged in statutorily protected activity and was subjected to

materially adverse actions as a result of that activity. *Hatcher v. Bd of Trs. of S. Ill. Univ.*, 83d

531, 536 (7th Cir. 2016). In the retaliation context, an adverse action is one that would "dissuade

a reasonable worker from participating in protected activity." *Huri v. Office of the Chief Judge of*

*the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015). Statutorily protected activity

means that the employee took "some step in opposition to a form of discrimination that the statute

prohibits." *Ferrill v. Oak Creek-Franklin Joint Sch. Dist.*, 860 F.3d 494, 501 (7th Cir. 2017).

Plaintiff fails to allege that she suffered an adverse employment action or that she engaged in

protected activity.

First, Plaintiff cannot show she subjected to an adverse action. Plaintiff is still employed

with Millennium as a Front Desk Manager and has not alleged any form of adverse treatment.

Plaintiff does not allege that the terms and conditions of her employment have changed since her

report to HR in December 2021. She only argues that Millennium's HR department failed to

investigate her December 2021 report and that this failure to investigate constitutes an adverse employment action. However, failing to investigate an employee's complaint is not an adverse action if the complaint also serves as the basis for the employee's protected activity. *See Kuhn v. United Airlines*, 63 F. Supp. 796, *803 (N.D. Ill. Aug. 6, 2014). In *Kuhn*, the plaintiff filed an internal complaint claiming that a coworker mistreated her. *Id*. at 799. Kuhn argued that the complaint constituted protected activity and that her employer's failure to fully investigate the complaint was an adverse employment action. *Id*. at 802-3. The Court held that "there is no question that the failure to adequately investigate [Kuhn's internal complaint] was not a materially adverse action" because "failing to investigate a complaint, where the protected activity at issue is the making of the same complaint, does not constitute an adverse action." *Id*. at 802-3. Plaintiff's claim suffers the same fate: she uses her December 2021 report to HR as protected activity while simultaneously claiming that Millennium's failure to investigate the report was an adverse action.

Second, the Complaint does not contain any factual allegations demonstrating that Plaintiff engaged in a statutorily protected activity. "A complaint 'alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected.'" *Rosas v. Bd. of Educ.*, No. 19-CV-02778, 2023 WL 415183, 2023 U.S. Dist. LEXIS 12661, at *11 (N.D. Ill. Jan. 25, 2023) (quoting *E.E.O.C. v. Concentra Health Srvcs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007)). The Complaint only alleges that "Plaintiff reported the racial discrimination to HR in December 2021." Pl.'s Comp., ¶25. There are no descriptions of the specific conduct Plaintiff complained about in the email or the specific "racial discrimination" she suffered leading up to the December 2021 email. Beyond a single conclusory statement that she reported "racial discrimination," Plaintiff has failed to allege that she complained about employment practices prohibited under Title VII. *See Donelson v. City of Chicago*, No. 14 C 9929,

10

2015 WL 5063090, 2015 U.S. Dist. LEXIS 112868, at *8 (N.D. Ill. Aug. 26, 2015) (dismissing Title VII retaliation claim because plaintiff did not "indicate what unlawful employment practices she complained about or any protected activity she engaged in.").

**V.     Plaintiff's FMLA Interference Claim Fails Because She Did Not Experience Any Prejudice.**

Plaintiff's FMLA interference claim equally lacks merit.  To state a claim for FMLA interference, Plaintiff must allege that (1) she was eligible for the FMLA's protections, (2) Millennium was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) Millennium interfered with, restrained, or denied FMLA benefits to which Plaintiff was entitled.  *Ziccarelli v. Dart*, 35 F.4th1079, 1089 (7th Cir. 2022).  The statutory text of the FMLA mandates that an employee may only recover damages for "any wages, salary, employment benefits, or other compensation denied or lost … by reason of the violation," or for "any actual monetary losses sustained … as a direct result of the violation."  29 U.S.C. Section 2617(a)(1)(A)(i).  Thus, the FMLA "provides no relief unless the plaintiff can prove that [s]he was prejudiced by the violation." *Franzen v. Ellis Corp.*, 543 F.3d 420, 426 (7th Cir. 2008); *see also Dean v. Wackenhut Corp.*, 2012 U.S. Dist. LEXIS 62576, at *17 (N.D. Ill. May 4, 2012) ("Although Dean's request for leave under the FMLA was wrongly denied, Dean must still show prejudice from Wackenhut's interference.").  Plaintiff's claim is not actionable because she cannot show she was prejudiced by Millennium's actions.

HR briefly denied Plaintiff's request for leave, but her request was ultimately granted and she suffered no harm as a direct result.  The Complaint summarily concludes that Plaintiff "has been damaged," but it does not allege that she suffered any of the damages required by Section 2617(a)(1)(A)(i).  Pl.'s Compl., ¶60.  This omission is fatal, because the denial of FMLA leave is itself insufficient to establish prejudice necessary to state a claim.  *See Mathias v. Dolgencorp,*

*LLC*, 2022 U.S. Dist. LEXIS 196511. *41 (N.D. Ind. Oct. 28, 2022) ("even where a plaintiff is shows a technical FMLA violation, 'a claim for interference will fail unless the employee also shows that the employer's interference prejudiced the employee as the result of a real, remediable impairment of her rights under the FMLA'"); *Dean*, 2012 U.S. Dist. LEXIS 62576 at *17-18 (dismissing FMLA claim on Rule 50 motion where the employer incorrectly denied leave but "Dean did not allege that she suffered a loss of compensation or other monetary loss as a result of her absence.").

**VI. Plaintiff's FMLA Retaliation Claim Fails Because She Did Not Suffer an Adverse Employment Action.**

To state a viable retaliation claim, Plaintiff must allege that she (1) engaged in statutorily protected activity, (2) suffered an adverse action, and (3) the protected activity caused the adverse action. *Zekucia v. Ounce of Prevention Fund*, No. 19 C 8081, 2020 U.S. Dist. LEXIS 260211, at *3 (N.D. Ill. Nov. 6, 2020). The definition of adverse action in the FMLA context tracks the definition applied in Title VII retaliation cases, so Plaintiff must show that any alleged action might have dissuaded a reasonable worker from engaging in the protected activity. *Id*. Plaintiff's claim fails the second and third elements, because she has not pled an adverse action or a causal relationship.

First, as discussed *supra*, Plaintiff is still employed with Millennium and has not suffered any materially adverse action Plaintiff concedes she was not dissuaded from engaging in statutorily protected activity and sought, and received, FMLA leave. She requested FMLA leave in June 2021, July 2021, and September 2021. The third-party vendor granted her application once she submitted it in September, and Plaintiff has since received FMLA benefits. Second, because the complaint does not identify an adverse action, it does not allege any set of circumstances showing

a causal connection between her application for FMLA benefits and a material change in the terms and conditions of her employment.

Accordingly, Plaintiff has failed to state an FMLA retaliation claim, and it should be dismissed with prejudice because amending the Complaint will not fix these pleading deficiencies.

## CONCLUSION

WHEREFORE, for the reasons stated above, Millennium respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice and grant such other relief as this Court deems just and appropriate.


Dated: March 28, 2023                            Respectfully submitted,

                                                 **MILLENNIUM HOTELS &**
                                                 **RESORTS D/B/A MILLENNIUM**
                                                 **KNICKERBOCKER CHICAGO**

                                     By:
                                                 /s/ *Richard J. Mrizek*
                                                   One of Its Attorneys


Richard J. Mrizek
James Hager
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, IL  60601
Phone: (312) 787-4949
Facsimile (312) 787-4995
Richard.Mrizek@jacksonlewis.com
James.Hager@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Richard J. Mrizek, an attorney, certify that on this 28th day of March 2023, I caused a

true and correct copy of the foregoing **Defendant's Memorandum in Support of its Motion to**

**Dismiss Plaintiff's Complaint** to be filed with the Clerk of the Court using the Electronic Filing

System, which will send notification of such filing to all counsel of record.

/s/ *Richard J. Mrizek*

14